Yohan Lee, Esq. (SBN 259271)
Chong Roh, Esq. (SBN 242437)
Justin J. Shrenger, Esq. (SBN 151252)
LAW OFFICES OF YOHAN LEE
5681 Beach Boulevard, Suite 200
Buena Park, California 90621
Telephone: (714) 523-2700
Facsimile:  (714) 523-7100
Email:      ylee@yleelaw.com
            croh@yleelaw.com
            justin@shrenger.com

Attorneys for plaintiff
James Worldwide, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JAMES WORLDWIDE, INC., a California corporation; <br><br> Plaintiff, <br><br> vs. <br><br> REGINALD P. DELASBOUR, an individual; MELIS GRUUP, LLC, a Texas limited liability company, and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO: <br><br> COMPLAINT FOR: <br><br> 1. BREACH OF CONTRACT; <br> 2. FRAUD; and <br> 3. DECLARATORY RELIEF <br><br> DEMAND FOR JURY TRIAL |

*COMPLAINT*

Plaintiff James Worldwide, Inc. ("Plaintiff") alleges as follows:

THE PARTIES

1.      Plaintiff is now and at all times relevant hereto was a California corporation that maintains its principal place of business in Fullerton, California. Among other services, Plaintiff provides freight services within and outside the State of California.

2.      Plaintiff is informed and believes, and on such basis alleges, that defendant Reginald P. Delasbour is an individual who maintains his principal place of business in Texas.

3.      Plaintiff is informed and believes, and on such basis alleges, that Defendant Melis Gruup, LLC ("Melis", collectively, with Reginald P. Delasbour, "Defendants") is a Texas limited liability company that was formed on July 19, 2023 pursuant to a Certificate of Formation Doc. No. 1267929070003 that was filed on or about that date, and was amended by a Certificate of Correction, Document No. 1269661110002 that was filed on or about July 26, 2023. Plaintiff is further informed and believes, and on such basis alleges that Melis maintains its principal place of business at 1213 Willowbrook Street, Lancaster, TX 75134-2993.

4.      Plaintiff is informed and believes, and on such basis alleges, that Melis engages in business as an agent, broker or freight forwarder that provides transportation and other logistics services to third parties, including, without limitation third party Kumho Tire U.S.A., Inc. ("Kumho Tire"), as discussed more fully below.

5.      Plaintiff is informed and believe, and on such basis allege, that the Delasbour is an alter ego of Melis. Plaintiffs are informed and believe, and on that basis allege, that Delasbour exercises complete dominion and control over Melis, and treats the assets of Melis as his own for all purposes such that any alleged independent existence of Melis, on the one hand, and Delasbour, on the other, has ceased to exist, and the Entity Defendants are mere instrumentalities

1

*COMPLAINT*

and conduits through which the Individual Defendants conduct their personal business.

6.     Adherence to the fiction of separateness of Melis, on the one hand, and Delasbour, on the other, would permit an abuse of corporate privilege, be inequitable and contrary to the interests of justice, and would promote a fraud upon Plaintiff, as Plaintiff is informed and believes, and on such basis alleges, that Melis was established for the purpose of defrauding the Plaintiff and other similarly situated entities that do business with Delasbour, and the entity is under the total control of Delasbour.

7.     The true names and capacities, whether individual, corporate, associate or otherwise, of Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated herein as a Doe Defendant is, in some manner, responsible or the events and happenings herein referred to, either contractually or tortuously, and caused damages to Plaintiff as herein alleged.

8.     Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto, Does 1 through 10, inclusive, were the independent contractors, agents, servants and/or employees of their co-defendants, and in doing the things herein alleged were acting within the scope of their authority as such agents, servants and/or employees and with the permission, consent and/or ratification of their co-defendants.

JURISDICTION AND VENUE

9.      Federal jurisdiction exists pursuant to 28 U.S.C § 1332 as complete diversity exists between the one plaintiff and the two defendants.

10.     Venue in the Central District of California is proper pursuant to 28 U.S.C § 1332 because many of the events or omissions on which the claims asserted herein are based occurred in this District, and the Plaintiff was damaged in this District.

GENERAL ALLEGATIONS OF FACT

11.     Plaintiff is a California entity established almost 20 years ago that is in the business of providing logistics and other freight related services.

12.     In early 2024, Plaintiff won a competitive bid to provide such services on behalf of Kumho Tire, a major manufacturer and exporter of tires for vehicles and other applications.

13.     Shortly after obtaining the contract to provide such services on behalf of Kumho Tire, Plaintiff's representatives contacted defendant Delasbour and stated that the performance of the contract that Plaintiff had obtained would involve working with Delasbour and his company due to their pre-existing relationship with Kumho and its related entities.

14.     In specific, Plaintiff would provide drayage services for Kumho Tire products received by Melis and transport such products to warehouses under the control of Melis for distribution to wholesale and retail customers.

15.     Thereafter the parties engaged in several sets of discussions regarding the rates that would be charged by Plaintiff for the performance of such services. As a result of such meetings, the scope of the services and the charges therefor were agreed upon.

16.    During the course of such meetings and continuing thereafter, Defendants described themselves as Plaintiff's "partners" and characterized their conduct as entering into a "partnership" and "joint venture".

17.    Pursuant to the practice that was discussed and established, Plaintiff would deliver Kumho Tire products to Melis's warehouses in Texas and elsewhere and leave the container and the chassis upon which the container was transported with the Defendants.

18.    The Defendants would then unload the container and make the empty container and chassis available for retrieval by Plaintiff's agents.

19.    Defendants would then have 30 days after retrieval to pay for the drayage services.

20.    From the inception of the relationship between the parties, defendant Delasbour and his *alter ego* entity failed to pay for services on time and engaged in all manners of artifice, delay, and excuse not to pay for services received and accepted by them.

21.    In fact, Plaintiff is informed and believes, and on such basis alleges, that at the time the Parties discussed and entered into the agreement for Plaintiff to provide drayage services with regard to Kumho Tire goods on behalf of Defendants, Defendants intended not to pay for such services, and instead "bleed" Plaintiff and watch Plaintiff perform such services so that Defendants could provide such services themselves and bill Kumho Tire directly therefor at the same time, in addition to the other distribution and logistic services Defendants were providing to Kumho Tire.

22.    In accordance with such secret plan, commencing in late March and continuing until the present, Defendants promised to pay what they owed to Plaintiff, but continually failed to do so, on occasion relying upon pretextual justifications that did not excuse Defendants' obligation to pay.

23.    Accordingly, as of this date, Defendants are indebted to Plaintiff in an amount in excess of US$1 Million.

24.    In addition, because Defendants have not paid their invoices, and because Plaintiff now believes that Defendants have no intention of paying for future services when rendered. As a result, Plaintiff cannot continue to incur the cost of providing drayage services on behalf of Defendants, leaving goods with Defendants, retrieving the empty container and chassis after unloading, and only thereafter receiving payment, because Plaintiff does not believe such payment will be forthcoming.

25.    For such reason, Plaintiff seeks declaratory relief from this Court requiring that Defendants pay "c.o.d." for picking up containers from ports as well as all deliveries made hereafter so that Plaintiff will be paid for its work.

26.    This is a matter of urgent importance, as Plaintiff's continued viability as an entity is threatened by Defendants' fraudulent and otherwise unlawful conduct, and third parties such as Kumho Tire and other entities are adversely affected by the resultant interruption in the supply chain caused by the unworthiness of the Defendants to receive Plaintiff's services on credit.

FIRST CLAIM FOR RELIEF

(Breach of Contract – Plaintiff against all Defendants)

27.    Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

28.    Commencing in late February and early March, 2024, in this County, Dallas Texas, and via phone and email, Plaintiff and Defendants entered into a contract pursuant to which the Plaintiff would provide drayage services on behalf of the Defendants at specified rates and the Defendants would pay therefor after retrieval of the container and chassis used to perform such drayage services by Plaintiff from Defendants' facilities.

29.     In all contracts, including the agreement at issue herein, there is an implied promise of good faith and fair dealing, which means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefit of the contract.

30.     Plaintiff has performed all conditions, covenants and promises pursuant to the foregoing agreement except to the extent that performance was excused or made impossible due to the actions or omissions of Defendants.

31.     Defendant has breached the foregoing agreement and the covenants implied therein by law by, among other things, interfering with Plaintiff's performance of the contracted services, attempting to corrupt Plaintiff's personnel to interfere with Plaintiff's ability to perform the contracted drayage services and .

32.     As a direct and proximate result of the aforementioned breach of contract, Plaintiff has sustained damages to be proved at trial, together with interest thereon, which damages are in excess of US$1,000,000.00.

## SECOND CLAIM FOR RELIEF

### (Fraud – Plaintiff against all Defendants)

33.     Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

34.     Commencing in February, 2024, and continuing during an in person meeting held on March 5, 2024 in Rancho Cucamonga, California, and on April 18, 2024 and March 1, 2024 in Georgia, and May 28, 2024 in Orange County, California, as well as telephone conferences that occurred on March 29, 2024 and April 2, 2024, as well as in emails spanning the period between March and May, 2024, defendant Delasbour, the authorized representative of Melis, on his own behalf and on behalf of Melis, represented as follows:

(a)    Defendants agreed to and intended to pay Plaintiff's quoted rates for performance of drayage services;

(b)    Defendants and Plaintiffs were "partners"; and

(c)    If Plaintiff gave more favorable rates, Defendants would offer numerous new business opportunities to Plaintiff.

35.    The foregoing representations made were false and known by Defendants to be false when made, and made with the intent to deceive Plaintiff and act as herein alleged and/or with the expectation that they would do so.

36.    The true facts were:

(a)    Defendants had no intention of paying Plaintiff's rates, and instead intended to "bleed" Plaintiff dry by delaying payment so that Defendants could take over the drayage business;

(b)    Defendants had no intention of making Plaintiff their "partner" and/or entering into any joint venture with Plaintiff; and

(c)    Defendants had no intention of providing any new business to Plaintiff and instead sought to steal Plaintiff's existing drayage business. The claims set forth in the above pictured document were fraudulent and made with scienter.

37.    The claims set forth above were fraudulent and made with scienter.

38.    Plaintiff actually and reasonably relied upon the foregoing representations by providing more than US$1 Million of drayage and other services to Defendants for which Defendants have not paid. .

39.    As a direct and proximate result of the fraudulent conduct described herein, Plaintiffs have suffered damages in an amount to be proved at trial, together with interest thereon at the maximum rate permitted by law commencing to accrue at the earliest date permitted by law.

40.    In committing the acts alleged herein, Defendants acted willfully, maliciously, oppressively, and in wanton disrespect of Plaintiff's interests and

*COMPLAINT*

rights. Because of this, Plaintiff is entitled to punitive and/or exemplary damages against Defendants.

### THIRD CLAIM FOR RELIEF

(Declaratory Judgment – Plaintiff against all Defendants)

41. Plaintiff incorporates by reference all of the foregoing paragraphs of this pleading set forth above as though fully set forth at this point.

42. This cause of action is brought by Plaintiff for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, which provides, inter alia, as follows: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

43. A controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, on the other. In specific, Plaintiff contends that Defendants are obligated to pay for drayage services provided to them. Defendants apparently believe that they are not obligated to pay for such services, and have, on occasion, raised certain concerns about the performance of such services.

44. The concerns raised by Defendants regarding the Plaintiff's services are specious and pretextual, and merely offered as *ex post facto* excuses for the Defendants' failure to pay for services that they are obligated to pay for.

45. The current agreed upon method of performance is not possible given the Defendants' conduct and their lack of creditworthiness. The current procedure which requires that Defendants pay only after the Plaintiff has not only delivered the products but retrieved its empty container and chassis is not possible because it provides Defendants with the opportunity to avoid payment

*COMPLAINT*

and requires delivery without the possibility of payment on the part of the Defendants.

46. Plaintiff therefore seeks a Declaratory Judgment from this Court declaring that all container pick-ups and deliveries by Plaintiff shall be "c.o.d." or some other mechanism be declared so that Defendants will be obligated to pay their bills after their liability therefor is established. Defendants cannot be taken at their word in regard to such matter.

47. This relief is urgently required as this matter affects not only the parties to this lawsuit but third parties including Kumho Tire, its customers, and consumers in general.

WHEREFORE, Plaintiff James Worldwide, Inc. prays that Judgement be entered herein as follows:

1. On the First and Second Claims for Relief, for damages at the maximum rate permitted by law, together with interest thereon at the maximum rate permitted by law;

2. On the Second Claim for Relief, for imposition of punitive damages;

3. On the Third Claim for Relief, for a Declaratory Judgment as prayed for therein;

4. For attorney's fees pursuant to any applicable law, rule or regulation;

5. For all actual costs of suit herein, including interest; and

6. For such other and further relief as this Court deems appropriate.

DATED:    June 17, 2024             LAW OFFICES OF YOHAN LEE


                                    By_____/s/_____
                                         Justin J. Shrenger
                                    Attorneys for plaintiff James Worldwide, Inc.

9
*COMPLAINT*

Plaintiff demands a trial by jury.


DATED:     June 17, 2024            LAW OFFICES OF YOHAN LEE


                                   By_____/s/_____
                                             Justin J. Shrenger
                                   Attorneys for plaintiff James Worldwide, Inc.